**MID–SOUTH MILLING CO., INC., et al.,**
**Petitioners,**

v.

**LORET FARMS, INC., et al., Respondents.**

Supreme Court of Tennessee.

March 10, 1975.

Josiah Baker, Goins, Gammon, Baker & Robinson, Chattanooga, Charles H. Warfield, Farris, Warfield & Samuels, Nashville, for petitioners.

Leonard R. Tanner, Jr., Walter E. Grantham, II, Tanner & Jahn, Chattanooga, for respondents.

OPINION

HENRY, Justice.

We are concerned with the matter of venue in a transitory action.

Loret Farms, Inc. and Loret Mills, Inc., Tennessee corporations having their situs in Hamilton County, brought this action in

the Circuit Court at Chattanooga against Mid-South Milling Company, Inc. and Mid-South Milling Company, Inc., of Georgia, each of which has its principal office in Shelby County.

The Circuit Judge sustained a motion to dismiss filed pursuant to Rule 12.02, Tenn. R.Civ.P. The Court of Appeals reversed and we have granted certiorari and heard argument.

The determinative question is whether the venue was in Hamilton or Shelby County.

## I.

Loret Farms engages in the business of growing and selling broiler chickens, in Hamilton County, Tennessee and in various other areas which are located in Tennessee, Alabama and Georgia.

Loret Mills engages in the business of manufacturing poultry feed in Hamilton County, principally for use in feeding broiler chickens. It supplied poultry feed to Loret Farms.

Mid-South and its subsidiary, Mid-South of Georgia, are engaged in the preparation and sale of feeds and feed supplements and in the manufacturing of feeds.

Sometime during the year 1969 Mid-South contacted Loret Mills and solicited orders for "55% poultry by-product meal". Pursuant to this solicitation and acceptance, meal was purchased by Loret Mills, mixed by that company into its blended feed ration which, in turn, was supplied to Loret Farms for use in its chicken growing business.

The *modus operandi* on the ensuing purchases needs to be set forth in detail.

a. This meal was produced or manufactured in Shelby County.

b. The initial solicitation was made by Mid-South from Memphis to Loret Mills in Chattanooga.

c. All orders were made by telephone from Chattanooga to Memphis.

d. Drafts were drawn on a Chattanooga bank and honored by one in Memphis.

e. Mid-South delivered the meal to Loret Mills in Chattanooga.

f. The meal was mixed with other ingredients and processed in Chattanooga.

g. The final product was put into use in Chattanooga.

h. All representations with respect to the meal were made by telephone call.

The complaint charged the defendants with various wrongdoings including selling and delivering meal of inferior and substandard quality, negligence, misrepresentation, and breach of warranty.

Defendants moved to dismiss on various grounds, all of which distill into the single proposition that the venue was improperly laid in Hamilton County.

The Circuit Judge sustained the motion and dismissed the action. An appeal was perfected and, pursuant thereto, the Court of Appeals for the Western Section, (sitting in Knoxville) reversed and remanded.

## II.

We are dealing with a transitory action. Such actions are governed by Sec. 20–401, T.C.A., which provides, in pertinent part:

In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county *where the cause of action arose* or in the county where the defendant resides or is found.

The original opinion of the Court of Appeals proceeded upon the assumption that this statute, in its present form, governed venue. A petition to rehear was filed pointing out that this code section resulted from a 1972 amendment, made after this cause of action arose, and vigorously insisting that the statute, as it existed at the

time the cause of action arose, should be applied.[1]

■ In disposing of this contention the Court of Appeals said:

A statute which gives an additional county of venue is a remedial statute, and it is applicable to causes of action in being at the time the statute became effective. Dowlen v. Fitch, et al (1954) 196 Tenn. 206, 264 S.W.2d 824. Such a statute is also applicable to lawsuits pending on the effective date of the statute. Brandon v. Warmath (1955) 198 Tenn. 38, 277 S.W.2d 408, citing, National Life & Accid. Ins. Co. v. Atwood (1946), 29 Tenn.App. 141, 194 S.W.2d 350.

Section 1 of Chapter 446, Public Acts 1972, effective July 1, 1972, is a remedial statute which amends T.C.A. 20–401 so as to give an additional county of venue in transitory actions, namely, "the county where the cause of action arose." The statute under consideration does not disturb a vested right nor does it impair any contractual obligation; it does no more than to give an additional remedy in the form of another county of venue in which the plaintiffs are entitled to sue.

We concur in this holding.

■ As to the venue question, we adopt the pertinent parts of Judge Matherne's opinion in the Court of Appeals, as follows:

In order to decide where the cause of action arose, we must determine the type action with which we are dealing. As heretofore noted the plaintiffs allege negligence, fraudulent misrepresentation, breach of express and implied warranties, and violation of T.C.A. Sec. 53–103. Regardless of these many allegations we must view the lawsuit in the light of what it really is—tort, breach of warranty of sale, or both.

The plaintiffs allege certain representations were made to them concerning the quality and character of the poultry by-product meal. The plaintiffs claim they relied upon these representations which proved to be false, or were not carried out by the defendants. The plaintiffs further allege the defendants were negligent in mixing the poultry by-product meal and included therein certain ingredients which proved to be harmful to the plaintiff's chicks to the extent that the chicks did not make normal gains in weight. All of these allegations go to the real complaint—the defendants breached their warranty of sale.

A contract may be negligently or fraudulently breached and the cause of action remain in contract rather than in tort. In the case at bar it was not active negligent performance by the defendants that resulted in damage to the plaintiffs. Rather it was the negligent breach of warranty of sale, which in effect forestalled any performance. The cases and text writers deal with the issue with varying degrees of emphasis placed on the two aspects of the question. We conclude, however, that since the adoption of the Uniform Commercial Code, there is a vast difference between a cause of action based upon negligent breach of warranty of sale of chicken feed, as distinguished, for example, from a cause of action based upon negligent performance of a contract to construct a building; the first is governed by the Code, the latter may be brought in tort.

The plaintiffs do not sue for the price of the poultry meal. The plaintiffs sue for damages resulting from injury to personal property—their chicks which

---

1. At the time this cause of action arose Sec. 20–401 read as follows:

In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided. If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence.

fed on the feed. Whatever may have been the former law, an action for such damage lies under the Uniform Commercial Code, particularly T.C.A. Sec. 47–2–715 where the buyer is allowed his consequential damages as result of the seller's breach of warranty of sale, which consequential damage is defined "(2) Consequential damages resulting from the sellers breach include * * * (c) injury to the person or property proximately resulting from any breach of warranty." The plaintiffs allege damages in the form of money expended due to the fact their chicks did not achieve normal growth; the injury to the chicks resulted in the damages sustained.

We therefore conclude the gravamen of the present cause of action is breach of warranty of sale, T.C.A. secs. 47–2–313 and 47–2–314; and the damages sought are permissible under and governed by T.C.A. secs. 47–2–714 and 47–2–715. The action lies under those provisions of the Uniform Commercial Code, even though tortious breach on the part of the defendants is alleged.

The type action having been determined, and looking to the issue of venue, we first conclude that the time a cause of action arises will determine where it arises.

In Layman v. Keller Ladders, Inc. (1970) 224 Tenn. 396, 455 S.W.2d 594, the Court was concerned with the applicable statute of limitations where the plaintiff claimed personal injuries because an allegedly defective ladder broke causing the plaintiff to fall. The plaintiff alleged common law negligence, breach of implied warranty, and strict liability. The Court held (under the statutes then existing) the common law negligence count and the strict liability count barred by the one year statute of limitations. But, as to the breach of implied warranty count the Court held T.C.A. sec. 47–2–725 controlling "in all actions wherein a breach of warranty of contract of sale is alleged, irrespective of whether the damages sought are for personal injuries or injuries to property."

Code Section 47–2–725 provides in part:
47–2–725. *Statute of limitations in contract for sale*—(1) An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

(2) *A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made,* except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. (Emphasis added)

(3) * * *

The Court in *Layman* was primarily concerned with paragraph (1) of the statute; we are here primarily concerned with paragraph (2) of the statute.

The paramount issue as relates to a statute of limitations and venue is the time the cause of action accrues. Where there is a breach of warranty of sale, the statute places the time the cause of action accrues as the time of tender of delivery. T.C.A. Sec. 47–2–725. Under this record, tender of delivery was made to the plaintiff in Hamilton County; the alleged breach of warranty of sale occurred at the *time* of delivery, consequently at the *place* of tender of delivery. The cause of action arose in Hamilton County, and the defendant is subject to suit in that county. T.C.A. Sec. 20–401; T.C.A. Sec. 47–2–725.

■ Aside from the most excellent reasoning of the Court of Appeals, we think

the facts of this case, irrespective of its nature, bring this transitory action well within the ambit of Sec. 20–401 T.C.A.

Petitioners, in an elaborate brief insist that "the only activity which took place in Hamilton County, Tennessee was tender of delivery." We disagree.

The original solicitation was received and, therefore, consummated in Hamilton County. The orders were placed in Hamilton County; the meal was delivered to and processed in Hamilton County and placed in use or in transit for use there. The contract was completed in Hamilton County and its breach occurred there. In fact the essential contacts were basically in Hamilton County.

Petitioners argue the unfairness of requiring it to bring its records, papers and documents all the way from Memphis to Chattanooga for trial. A trip from Chattanooga to Memphis, as we compute it, would involve the same mileage and the same difficulties. It all comes down to "whose ox is being gored." This is just one of the annoyances of doing business. Petitioners are in an entirely different factual and legal situation than that of the mail order houses and different rules apply.

### III.

Petitioners attempt to analogize the "long arm statute" in support of their contentions and respondents would have us consider the line of cases bearing upon the question of the necessary contacts for a corporation to be considered as "doing business" in Tennessee.

With utmost deference to able counsel, these are jurisdictional questions and are not here involved.

It is undisputed and indisputable that the Circuit Court has jurisdiction of this controversy. Tennessee has only one circuit court—court held by fifty-one circuit judges, in twenty-nine judicial circuits, and in ninety-five counties. A county does not have a circuit court. The State has a circuit court which sits in the various counties.[2]

It, therefore, follows that we are necessarily dealing with venue and cases relating to jurisdiction have no relevance.

Petitioner relies heavily on Darby v. Superior Supply Company, 224 Tenn. 540, 458 S.W.2d 423 (1970). This case is inapposite. It deals with jurisdiction sought to be obtained over a non-resident defendant by the long arm statute.[3] The Court held that it was enacted with the intention to assert jurisdiction over non-resident defendants to the extent permitted by the due process clause.

Quite aside from this, Sec. 20–235 T.C.A. relates to the "transaction of business" whereas Sec. 20–401 fixes venue, in part, in the county "where the cause of action arose." Sec. 20–235 shows on its face that it is designed to enable the courts of Tennessee to take jurisdiction of persons unavailable to personal service. It is one thing to force a non-resident into Tennessee as a litigant, and quite another to determine in what division of one of our courts a citizen may be required to appear and answer.

---

2. It is imprecise to refer to any particular circuit court as being the circuit court *of* any given county. The court from which this action arose, precisely speaking, is "The Circuit Court of Tennessee for the Sixth Judicial Circuit at Chattanooga." In a more usable form it is, correctly speaking, "The Circuit Court of Tennessee at Chattanooga."

Universally we refer to it as the Circuit Court of Hamilton County, a technically incorrect designation. Admittedly this is most technical but we deal with venue which is itself a procedural technicality.

3. Sec. 20–235 T.C.A.

We hold that the Circuit Court of Tennessee at Chattanooga is a proper place of venue for this action.

The decision of the Court of Appeals is affirmed. The costs in this Court are taxed against petitioner.

FONES, C. J., and COOPER, BROCK and HARBISON, JJ., concur.