T. J. NELSON and wife, Katherine Nelson, Plaintiffs-Appellants,

v.

FORD MOTOR CREDIT COMPANY, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

July 6, 1979.

Certiorari Denied by Supreme Court Oct. 22, 1979.

Jack H. McPherson, Jr., McPherson & Blevins, Kingston, for plaintiffs-appellants.

George F. Legg, Stone & Hinds, Knoxville, for defendant-appellee.

## OPINION

SANDERS, Judge.

The sole question for determination on this appeal is proper venue in a transitory action.

The Plaintiffs-Appellants, T. J. Nelson and wife, Katherine Nelson, filed suit in the Circuit Court of Roane County against the Defendant-Appellee, Ford Motor Credit Company. The suit is premised on tortious actions of the Defendant constituting "outrageous" conduct. The Plaintiffs are residents of Roane County. The Defendant is a foreign corporation with offices and place of business in Knox County. Plaintiffs allege in their complaint that they purchased a Ford automobile from East Tennessee Motor Company in January, 1976. The automobile was purchased on a retail installment contract which was to be paid in 42 monthly installments. After making their February payment they were informed the contract had been assigned to Ford Motor Credit Company. The complaint alleges that although Plaintiffs made their monthly payments to the Defendant over the next 12 months they were constantly receiving letters and telephone calls from the Defendant telling them their payments had not been received, their payments were delinquent, sending them statements for late charges, threatening to repossess their automobile, and they conclude their complaint as follows: "The plaintiffs assert that Ford Motor Credit Co. and its employees have been seriously negligent in their handling of this matter; that Ford Motor Credit Co. and its employees have been deliberately abusive; that the plaintiffs have suffered much embarrassment, mental anguish and suffering and have been greatly inconvenienced in having to take off time from their jobs to obtain records and have incurred expense in attempting to supply the records requested by Ford Motor Credit Co. to 'prove that the plaintiffs were not delinquent'; that the plaintiffs have been illegally charged with an accumulation of service charges which are not owed and that their reputation and credit have been damaged all by the outrageous conduct and negligent acts of the defendant.

"WHEREFORE, the plaintiffs sue the defendant for damages in the amount of $25,000.00 compensatory and $100,000.00 punitive and demand a jury to try the cause."

The Defendant filed a motion to dismiss the complaint on the grounds of improper venue. In its motion it says it is a foreign corporation and as such it may be sued only in a county where it maintains an office or agency for the transaction of business or in the county where the cause of action arose, pursuant to T.C.A. § 20–405 and § 20–407. It further says all the activities of the Defendant's agents and employees occurred in Knox County. Venue, accordingly, lies only in Knox County.

The Circuit Judge sustained the motion and the Plaintiffs have appealed, assigning the action of the Court as error.

The portion of T.C.A. § 20–407 which we hold to be controlling in this case provides:

"VENUE OF ACTIONS AGAINST FOREIGN CORPORATIONS.—The venue of all actions, suits or proceedings against a foreign corporation in case of service of process upon its registered agent, or, in lieu thereof, upon the secretary of state, may be in the county in which the cause of action arose or accrued; or, in the county where the one to be served resides and the process is so served, except where the action is local in nature."

Defendant filed an affidavit in support of its motion, which says, "Ford Motor Credit Company maintains its principal office in Dearborn, Michigan, and the corporation's registered agent for process is located in Knox County, Tennessee. No agents or officers of Ford Motor Credit Company are located in Roane County, Tennessee."

This narrows the issue to one question— Where did the cause of action arise or accrue? The Defendant says all the actions for which the Defendant has been charged, if true, were done or performed by its agents and employees at the Knoxville office. For this reason the cause of action, if any, arose or accrued in Knox County. The Plaintiffs, however, say that since the letters and telephone calls were received by the Plaintiffs in Roane County, the cause of action arose or accrued there.

We have been cited to no cases, nor have we found any, directly in point on this issue. The case of *Masonite Corp. v. Burnham*, 164 Miss. 840, 146 So. 292 (1933) is not directly in point but is worthy of consideration. There the defendant released certain pollution into a stream in Laurel District. The stream flowed from Laurel District into Ellisville District. For purposes of venue the two districts are the same as two counties. Suit was filed in Ellisville District where the plaintiffs lived and owned property. The defendant challenged the right of the plaintiffs to maintain the suit in Ellisville District. As pertinent here, the Supreme Court of Mississippi said:

> "The question here is, where did this cause of action accrue? Section 495, Code 1930, uses this language: 'Where the cause of action may occur or accrue.' It is true that the alleged pollution of the waters of Tallahalla creek took place in the Laurel district; there appellant emptied into the creek the refuse matter that in part caused the pollution, but the injuries did not accrue to appellees until the waters passed out of the Laurel district into the Ellisville district. The polluted waters were entirely harmless so far as appellees were concerned until they reached the Ellisville district; there the injuries took place, although the cause arose in the Laurel district. We conclude, therefore, that the cause of action accrued in the Ellisville district."

It will be observed the Mississippi statute is similar to ours in that it provides that suit may be maintained in the county where the cause of action "arose" or "accrued." In the *Masonite Corp.* case, *supra*, the court found that, although the cause of action "arose" in Laurel District, the cause of action "accrued" in Ellisville District.

In the case of *Medlin v. Allied Investment Company*, 217 Tenn. 469, 398 S.W.2d 270 (1966) our Supreme Court held that before recovery can be had in a cause of action for "outrageous" conduct two factors must concur: "(a) the conduct complained of must have been outrageous, not tolerated in civilized society, and (b) as a result of the outrageous conduct, there must be serious mental injury."

If, in the case at bar, the Plaintiffs are able to meet this criteria it would appear that although (a) the outrageous acts occurred in Knox County (b) the mental injury occurred in Roane County. "(W)here the tort is committed in one county or district and the injury occurs in another county or district, suit may be brought in either." 92 C.J.S. Venue § 66, Torts, p. 767. "Cause of action 'accrues' on date that damage is sustained and not date where causes are set in motion which ultimately produce the injury." Black's Law Dictionary, Revised 4th Ed.

We, accordingly, hold the Plaintiffs' cause of action accrued in Roane County. Therefore, venue lies in Roane as well as Knox County.

The assignment of error is sustained. The judgment of the Trial Court is reversed and the case is remanded for a trial on its merits.

The cost of this appeal is taxed to the Appellee.

GODDARD and FRANKS, JJ., concur.