IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 2000 Session

## LARRY E. PARRISH, ET AL. v. ROBERT S. MARQUIS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 88963-4 T.D.     James E. Swearengen, Judge**

---

**No. W1999-02629-COA-R3-CV - Decided July 31, 2000**

---

Plaintiffs Larry E. Parrish and Larry E. Parrish, P.C. (collectively, "Parrish"), appeal the trial court's final summary judgment that dismissed Parrish's claim for malicious prosecution against Defendants Robert S. Marquis, McCampbell & Young, P.C., Ronald C. Koksal, and Butler, Vines & Babb, PLLC. The Defendants also have raised an issue on appeal, contending that the trial court erred in denying their motions to dismiss for improper venue. We conclude that the Shelby County Circuit Court was not the proper venue for Parrish's malicious prosecution claim. Accordingly, we affirm the trial court's dismissal of Parrish's malicious prosecution claim on the alternative ground of improper venue.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY K. LILLARD, J., joined.

John J. Mulrooney, Memphis, Tennessee, for the appellants, Larry E. Parrish and Larry E. Parrish, P.C.

Joe Lee Wyatt and Archie Sanders, III, Memphis, Tennessee, for the appellees, Robert S. Marquis and McCampbell & Young, P.C.

Eugene J. Podesta, Jr., Memphis, Tennessee, for the appellees, Ronald C. Koksal and Butler, Vines & Babb, PLLC.

### OPINION

In 1997, Parrish filed this action for malicious prosecution against two Knoxville attorneys, Marquis and Koksal, and their respective law firms, McCampbell & Young, P.C., and Butler, Vines & Babb, PLLC. Parrish's complaint, which was filed in the Circuit Court for Shelby County, contained the following allegations. The basis of Parrish's malicious prosecution claim was a legal malpractice action that was filed against Parrish in Knox County in 1993. The plaintiff in that

action, Jennie B. Cain Corum Miller, was a limited partner in the Cain Partnership, Ltd., which Parrish represented from 1989 to 1993. In essence, Miller's legal malpractice complaint alleged that she had suffered damages as a result of Parrish's negligent representation of the partnership. Koksal was the attorney of record for Miller in the legal malpractice action. Marquis was Miller's personal attorney, and he allegedly advised Miller and Koksal to file the legal malpractice action against Parrish. The Knox County Circuit Court dismissed Miller's claim with prejudice in July 1996 when it granted Parrish's motion for summary judgment. In a memorandum opinion, the court ruled that Miller's action was barred by the one-year statute of limitations applicable to legal malpractice actions. *See* Tenn. Code Ann. § 28-3-104(a)(2) (Supp. 1995). The court also ruled that Miller had standing to sue Parrish only as a limited partner asserting a derivative cause of action and that she had failed to state such a cause of action. *See* Tenn. R. Civ. P. 12.02(6). Miller did not appeal the court's order of dismissal. In asserting his malicious prosecution claim against the Defendants in the present action, Parrish alleged that the Defendants knew or should have known that Miller's complaint failed to state a cause of action against Parrish, that the Defendants lacked probable cause to believe that Parrish had engaged in legal malpractice, and that the Defendants brought the action for the improper purpose of intimidating and embarrassing Parrish.

Marquis and his law firm (collectively, "Marquis") initially responded to Parrish's complaint by filing a motion to dismiss for improper venue. *See* Tenn. R. Civ. P. 12.02(3). Citing the allegations of Parrish's complaint, Marquis pointed out that the legal malpractice action that formed the basis of Parrish's malicious prosecution claim was filed in Knox County, that the Defendants were practicing attorneys in Knox County, and that none of the Defendants resided in Shelby County, where Parrish filed his malicious prosecution action. Subsequently, Koksal and his law firm (collectively, "Koksal") also filed a motion to dismiss on the ground of improper venue. The trial court denied both motions to dismiss. The trial court later granted the Defendants' respective motions for permission to seek an interlocutory appeal on this issue, but this court denied the Defendants' applications. *See* Tenn. R. App. P. 9(a).

The parties proceeded to conduct discovery and, in July 1998, Marquis filed a motion for summary judgment on the merits of Parrish's malicious prosecution claim. Koksal also filed a motion for summary judgment as to Parrish's malicious prosecution claim. After considering the affidavits and discovery materials filed by the parties, the trial court entered its order granting the Defendants' respective motions for summary judgment.

On appeal, Parrish contends that the trial court erred in granting the Defendants' motions for summary judgment on Parrish's claim for malicious prosecution. In response, the Defendants insist that the trial court properly entered summary judgment in their favor, but they contend that, even if the grant of summary judgment was error, Parrish's claim still should have been dismissed for improper venue.

We conclude that this court's decision in *McGee v. First National Bank*, No. 01A01-9508-CV-00341, 1996 WL 11208 (Tenn. Ct. App. Jan. 12, 1996) (*no perm. app. filed*), controls the disposition of this appeal and that, in accordance with *McGee*, Shelby County was not the proper

venue for Parrish to file this malicious prosecution action. Accordingly, we affirm the trial court's judgment dismissing Parrish's claim, but we do so on the alternative ground of improper venue. *See Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986) (indicating that court will affirm decree "correct in result, but rendered upon different, incomplete, or erroneous grounds").

Like an action for abuse of process, a malicious prosecution action is a transitory action. *See McGee*, 1996 WL 11208, at *1. In Tennessee, venue of transitory actions is governed by the following statute:

> In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

Tenn. Code Ann. § 20-4-101(a) (1994). In the present case, all of the Defendants reside or may be found in Knox County. In accordance with the foregoing statute, therefore, Shelby County was not the proper venue for Parrish's malicious prosecution action unless the cause of action arose there.

In *McGee*, this court was faced with the analogous issue of the proper venue for an abuse of process action. *See McGee*, 1996 WL 11208, at *1. In that case, the defendants previously had sued the plaintiff's husband in a Hickman County Circuit Court and had obtained a substantial judgment against him. *See id*. In the course of post-judgment discovery procedures in Hickman County, the defendants caused various subpoenas to be issued and served on the plaintiff and others in Maury County. *See id*. Pursuant to these subpoenas, the defendants took depositions during which they attempted to ascertain the existence of any assets that might be used to satisfy the judgment against the plaintiff's husband. *See id*. The plaintiff later sued the defendants in the Maury County Circuit Court, alleging "that each process issued from the Hickman County Circuit Court to be served in Maury County was maliciously issued and was 'a calculated attempt to harass and embarrass [plaintiff] into paying the debt incurred by her husband.'" *Id*.

The defendants filed motions to dismiss on the ground of improper venue, and the trial court granted the motions. *See McGee*, 1996 WL 11208, at *1. On appeal, this court affirmed the trial court's order of dismissal. *See id*., at *4. Noting that the defendants neither resided nor were found in Maury County as contemplated by the venue statute, we concluded that the determinative issue was where the plaintiff's cause of action for abuse of process arose. *See id*., at *1. In affirming the trial court's dismissal order, we rejected the plaintiff's contention that her cause of action for abuse of process arose when and where process was served in Maury County because that was when the cause of action became complete. *See id*., at *2, *4.

Initially, we observed that

> [t]he process about which plaintiff complains consists of subpoenas to obtain post-judgment discovery from various business enterprises and individuals. Apparently all of the subpoenas were properly served and the discovery process

completed. The gist of plaintiff's case is that these processes were a form of extortion to compel plaintiff to pay the judgment against her husband. It is undisputed that all of the subpoenas were issued from the Circuit Court in Hickman County, and that if there was an improper motive or purpose behind the issuance of the subpoenas, that motive or improper purpose was to have a judgment in Hickman County paid.

*McGee*, 1996 WL 11208, at *3. After reviewing case law from other jurisdictions, we reached the following conclusion:

> Under plaintiff's theory in the case at bar, if plaintiff has a cause of action for abuse of process, then that cause of action arose in Hickman County where the process was issued. If defendants committed a wrongful act in connection with the process, then they committed that act in Hickman County by virtue of having the process issued in the first place. The fact that the effects of that wrongful act were felt in Maury County through the allegedly harassing discovery procedures does not cause plaintiff's abuse of process action to arise in Maury County.

*Id*., at *4.

A malicious prosecution claim is closely analogous to an abuse of process claim because both claims constitute tort actions that "may be brought to obtain redress for the alleged misuse of legal process by another." *McGee*, 1996 WL 11208, at *1 (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977)). In accordance with the rationale set forth in *McGee*, we conclude that Parrish's cause of action for malicious prosecution arose in Knox County, the county where the legal malpractice action against him was prosecuted. If the Defendants committed a wrongful act in connection with the legal malpractice action, then they committed the act in Knox County by virtue of pursuing the action there. The fact that Parrish may have felt some of the effects of the wrongful act in Shelby County does not cause his action for malicious prosecution to arise in Shelby County. As in *McGee*, we reject the argument that Parrish's malicious prosecution action arose in Shelby County by virtue of the fact that, in the legal malpractice action, Parrish was served with process in Shelby County.

Although our research revealed no published decision addressing the precise issue raised here, we believe that our disposition of this issue is consistent with our supreme court's venue and malicious prosecution decisions. Our supreme court has indicated that the determination of where a cause of action arose for venue purposes depends upon the type of action being asserted. *See Mid-South Milling Co. v. Loret Farms, Inc.*, 521 S.W.2d 586, 588 (Tenn. 1975). Based upon the type of action being asserted, the court must determine when the action arose because "the time a cause of action arises will determine where" the action arises or accrues. *Id*. at 589; *accord Allied Wholesale, Inc. v. Orders Tile & Distrib. Co.*, 1986 WL 9571, at *2 (Tenn. Ct. App. Sept. 5, 1986) (*no perm. app. filed*). Thus, the "paramount issue as relates to . . . venue is the time the cause of action accrues." *Mid-South Milling*, 521 S.W.2d at 589.

The law is well-established that a plaintiff's cause of action for malicious prosecution does not accrue until the underlying malicious suit is terminated in the plaintiff's favor. *See Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992); *Rosen v. Levy*, 113 S.W. 1042, 1044 (Tenn. 1908); *Swepson v. Davis*, 70 S.W. 65, 68 (Tenn. 1902); *Gray v. 26th Judicial Drug Task Force*, No. 02A01-9609-CV-00218, 1997 WL 379141, at *2 (Tenn. Ct. App. July 8, 1997 (*no perm. app. filed*); *Millsaps v. Millsaps*, 1989 WL 44840, at *2 (Tenn. Ct. App. May 3, 1989), *perm. app. denied* (Tenn. Sept. 5, 1989). In the present case, the legal malpractice action was terminated in Parrish's favor in July 1996 when the Knox County Circuit Court entered its order granting Parrish's motion for summary judgment and dismissing Miller's claim with prejudice. Accordingly, if Parrish has a cause of action for malicious prosecution based upon the Defendants' prosecution of the legal malpractice claim, Parrish's cause of action arose when the Knox County Circuit Court entered its order in July 1996. Inasmuch as the time a cause of action arises determines where the action accrues, we conclude that Parrish's cause of action for malicious prosecution accrued in Knox County.

In holding that Parrish's cause of action for malicious prosecution arose in Knox County, we reject Parrish's contention that this court's decision in *Nelson v. Ford Motor Credit Co.*, 590 S.W.2d 457 (Tenn. Ct. App. 1979), compels a different result. In that case, the plaintiffs filed a claim for outrageous conduct, *i.e.* intentional infliction of emotional distress, against the company that financed the plaintiffs' purchase of an automobile. *See Nelson*, 590 S.W.2d at 458. The plaintiffs alleged that, over a one-year period, the defendant's agents and employees constantly wrote and telephoned the plaintiffs to tell them that the defendant had not received the plaintiffs' monthly installment payments and that the plaintiffs' payments were delinquent. *See id*. Although the plaintiffs had made all of their monthly payments, the defendant's agents and employees assessed late charges against the plaintiffs, and they even threatened to repossess the plaintiffs' automobile. *See id*. The actions of the defendant's agents and employees took place in Knox County, where the defendant had an office, but the plaintiffs received the letters and telephone calls at their residence in Roane County. *See id*. at 459.

Contending that the plaintiffs' cause of action for outrageous conduct arose in Knox County, the defendant filed a motion to dismiss on the ground of improper venue. *See Nelson*, 590 S.W.2d at 458. The trial court granted the defendant's motion, but on appeal, this court reversed. *See id*. at 458-59. In determining where the plaintiffs' cause of action arose, we first examined the elements of the plaintiffs' claim for outrageous conduct. *See id*. at 459. Citing *Medlin v. Allied Investment Co.*, 398 S.W.2d 270 (Tenn. 1966), we observed that, in order to recover on their claim for outrageous conduct, the plaintiffs were required to establish (1) that the defendant's agents and employees engaged in outrageous conduct and (2) that, as a result of the outrageous conduct, the plaintiffs suffered serious mental injury. *See Nelson*, 590 S.W.2d at 459. In concluding that venue was proper in Roane County, we noted that, although the outrageous acts occurred in Knox County, the mental injury occurred in Roane County. *See id*. We explained that, "[w]here the tort is

committed in one county or district and the injury occurs in another county or district, suit may be brought in either." ***Id***. (quoting 92 C.J.S. ***Venue*** § 66, at 767[1]).

In our view, the holding and rationale of ***Nelson*** do not apply to the case at bar. In ***Nelson***, the alleged tort arguably took place in two counties because, although the defendant's agents and employees wrote the letters and placed the telephone calls in Knox County, they intentionally directed their communications to the plaintiffs at their Roane County residence. The plaintiffs' cause of action did not arise merely upon the occurrence of the outrageous conduct in Knox County, but upon the infliction of mental injury in Roane County. Serious mental injury and outrageous conduct constitute distinct elements of the tort of intentional infliction of emotional distress. ***See Miller v. Willbanks***, 8 S.W.3d 607, 613 (Tenn. 1999). Our holding in ***Nelson*** that venue was proper in Roane County was consistent with the general rule that, "where a tort is continuous and takes place in two counties, [the] action may be brought in either." 92A C.J.S. ***Venue*** § 64, at 335 (2000).

In contrast, in the present case, the law is clear that Parrish's cause of action for malicious prosecution arose in Knox County when the Circuit Court dismissed the underlying claim for legal malpractice. ***See Christian v. Lapidus***, 833 S.W.2d 71, 73 (Tenn. 1992); ***Rosen v. Levy***, 113 S.W. 1042, 1044 (Tenn. 1908); ***Swepson v. Davis***, 70 S.W. 65, 68 (Tenn. 1902); ***Gray v. 26th Judicial Drug Task Force***, No. 02A01-9609-CV-00218, 1997 WL 379141, at *2 (Tenn. Ct. App. July 8, 1997 (***no perm. app. filed***); ***Millsaps v. Millsaps***, 1989 WL 44840, at *2 (Tenn. Ct. App. May 3, 1989), ***perm. app. denied*** (Tenn. Sept. 5, 1989). In order to establish a claim for malicious prosecution, Parrish was required to show that (1) the prior legal malpractice suit was brought against Parrish without probable cause, (2) the Defendants brought such prior action with malice, and (3) the prior action was finally terminated in Parrish's favor. ***See Christian***, 833 S.W.2d at 73; ***Swepson v. Davis***, 70 S.W. at 67; ***see also Roberts v. Federal Express Corp.***, 842 S.W.2d 246, 247-48 (Tenn. 1992); ***Lantroop v. Moreland***, 849 S.W.2d 793, 797 (Tenn. Ct. App. 1992). Unlike the outrageous conduct claim asserted in ***Nelson***, all of the elements of Parrish's malicious prosecution action occurred in one county, Knox County. Parrish's malicious prosecution claim did not arise in Shelby County, despite the fact that he was served with process there or that he may have suffered some damages there.[2] Inasmuch as Parrish's cause of action accrued in Knox County, and inasmuch as all of the Defendants reside or may be found in Knox County, we conclude that Knox County was the proper venue for this action.

---

[1]Now 92A C.J.S. ***Venue*** § 64, at 336 (2000).

[2]In ***McGee v. First National Bank***, No. 01A01-9508-CV-00341, 1996 WL 11208, at *3 (Tenn. Ct. App. Jan. 12, 1996) (***no perm. app. filed***), we cited ***Harrison Community Hospital v. Blustein***, 255 N.W.2d 802, 803 (Mich. Ct. App. 1977), for the proposition that incidental damages occurring in the plaintiff's county "were not part of [the] plaintiff's cause of action, except as elements of damages." The damages recoverable in a malicious prosecution suit include those which "proximately result to the plaintiff, his person, property, or reputation" from the previous unsuccessful proceeding. ***Ryerson v. American Sur. Co.***, 373 S.W.2d 436, 437 (Tenn. 1963); ***accord Pullen v. Textron, Inc.***, 845 S.W.2d 777, 780 (Tenn. Ct. App. 1992); ***Peerman v. Sidicane***, 605 S.W.2d 242, 245 (Tenn. Ct. App. 1980).

The trial court's judgment of dismissal is affirmed on the alternative ground of improper venue. In light of our disposition of the venue issue, we pretermit the other issue raised on appeal, and we remand this cause for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellants, Larry E. Parrish and Larry E. Parrish, P.C., and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE