IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2003 SESSION

## TPC FACILITY DELIVERY GROUP, LLC v. DR. JAMES H. LINDSEY, JR., et al.

**Direct Appeal from the Chancery Court for Williamson County.**
**No. 28441   The Honorable Robert E. Lee Davies, Judge.**

_____

**NO. M2002-01909-COA-R3-CV - Filed January 30, 2004**
_____

On May 5, 1999, TPC Facility Delivery Group, LLC entered into a Preliminary Design-Build Agreement with defendant PAMOB, LLC in connection with the construction of a proposed medical office building in Tullahoma, Tennessee.  TPC was to provide architectural, engineering, and general contracting services under this agreement.  The initial contract provided for an additional agreement to be entered into by the parties if the owner elected to proceed with the project beyond the Preliminary Design-Build services.  On December 18, 2001, TPC filed suit in Williamson County Chancery Court claiming it performed additional services to PAMOB beyond those designated in the Preliminary Agreement all of which were allegedly authorized by various defendants.  For these additional services, TPC submitted bills to PAMOB which were never paid.  In response to the complaint, the defendants filed separate motions to dismiss on the grounds of improper venue.  On May 6, 2002, the trial court heard oral arguments from all counsel and found the motion to dismiss should be granted.  On July 19, 2002, the trial court entered its Order of Dismissal dismissing TPC's complaint on the grounds of improper venue.  Notice of this appeal soon followed.  For the reasons set forth below, the order of the trial court dismissing the complaint for improper venue is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

DON R. ASH, SP. J., delivered the opinion of the court, in which HIGHERS, J., and FARMER, J., joined.

Don L. Smith and S. Joseph Welborn, Nashville, Tennessee, for the appellant, TPC Facility Delivery Group, LLC.

Jerry Scott and John Kea, Murfreesboro, Tennessee, for the appellees, Dr. James H. Lindsay, Jr., Dr. Ralph M. Bard, Dr. Dinesh K. Gupta, Dr. David L. Stockton, Edwin Whitehouse, Data Control, L.L.C., and PAMOB, L.L.C.

L. Wearen Hughes, Nashville, Tennessee, for the appellees, Dr. Gary Stevens, Dr. Martin J. Fiala, Dr. David L. Stockton, and Dr. Ken Takegami.

Dudley M. West, Nashville, Tennessee, for the appellee, Dr. Wilburn E. George.

**OPINION**

I.

TPC Facility Delivery Group, LLC ("TPC") is a Tennessee limited liability company which provides clients with architectural, engineering, and general contracting services. TPC's principal place of business at all times material to this action has been in Brentwood, Williamson County, Tennessee.

In February or March of 1999, Defendant/Appellee Edwin R. Whitehouse ("Mr. Whitehouse") contacted a representative of TPC explaining he was an agent for a number of doctors and others who were interested in obtaining design professionals and a general contractor to build a medical office building in Tullahoma, Tennessee which is located in Coffee County. The TPC representative, Mr. Robert Sarratt ("Mr. Sarratt"), told Mr. Whitehouse TPC was interested in providing those services. Mr. Whitehouse later informed Mr. Sarratt the doctors and others he represented had formed a limited liability company, named PAMOB, LLC ("PAMOB").

On May 5, 1999, TPC provided PAMOB with a Preliminary Design-Build Agreement ("Preliminary Agreement"). PAMOB's Chief Manager, Dr. James Lindsay ("Dr. Lindsay"), executed the Preliminary Agreement in his Tullahoma office in June and returned it to TPC in Brentwood. Dr. Lindsay is a resident of Tullahoma, Tennessee.

The Preliminary Agreement executed by and between the parties listed PAMOB's address as P.O. Box 5870, Maryville, Tennessee 37802 and TPC's address as P.O. Box 5036 Brentwood, Tennessee. Defendant/Appellee Whitehouse maintains an office in Maryville, Blount County, Tennessee. The Preliminary Agreement was silent as to where payment was to be made for the services or the forum for resolution of disputes, but it did provide that TPC's services were in connection with construction of a proposed "Medical Office Building" in Tullahoma, Tennessee.

Under the terms of the Preliminary Agreement, TPC was bound to, among other things, provide a schematic floor plan, elevation, rendering sketch, site master plan, and narrative of the building systems. In return, PAMOB was to pay TPC $21, 600. In addition, the parties agreed if PAMOB elected to proceed with the Project beyond the services provided for in the Preliminary Agreement, PAMOB and TPC would enter into an additional agreement. Article IV of the Preliminary Agreement states in pertinent part:

> If the Owner elects to proceed with the Project beyond the Preliminary Design-Build services provided in this Agreement, the Owner and Contractor shall enter into an additional agreement for the completion of the design and construction of the Project.

> TPC claims it performed additional services to PAMOB beyond those designated

2

in the Preliminary Agreement all of which were allegedly authorized by various defendants. No additional written agreement was ever signed by the parties. For these alleged additional services, TPC submitted bills to PAMOB which were never paid.

On December 18, 2001, TPC filed suit in Williamson County Chancery Court. In its complaint, TPC characterized the additional services as being authorized pursuant to (1) an extension of the Preliminary Agreement, (2) a second oral contract entered into in September 1999, or (3) an implied-in-fact contract. The theories of recovery set forth by TPC in the complaint are breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, breach of an implied-in-fact contract, promissory estoppel, negligent misrepresentation, and trespass to chattels.

The defendants filed separate motions to dismiss the complaint on the grounds of improper venue. The parties do not dispute that the Preliminary Agreement is silent as to venue. Furthermore, the parties agree the complaint states a claim for a transitory action as opposed to a local action. On May 6, 2002, the trial court heard oral arguments from all counsel and found a motion to dismiss should be granted and that the case should be dismissed due to improper venue. On July 19, 2002, the trial court entered its Order of Dismissal dismissing TPC's complaint on the grounds of improper venue stating that "based on pleadings, arguments of counsel, and the entire record it appeared that the proper venue for the action was Coffee County where the project giving rise to the complaint was to be built and where virtually all of the defendants reside, there being no defendant residing in Williamson County." TPC filed a timely Notice of Appeal of the trial court's Order of Dismissal on July 25, 2002.

II.

The sole issue for this court's consideration on appeal is whether the trial court correctly ruled venue in this cause of action was improper in Williamson County. The issue presented is a question of law. Consequently, the scope of review is *de novo* with no presumption of correctness. **See, Union Carbide Corp. v. Huddleston,** 854 S.W.2d 87, 91 (Tenn. 1993). This case deals with a transitory action.[1] Venue for transitory actions is governed by Tenn. Code Ann. § 20-4-101(a), which provides:

> In all civil actions of a transitory nature, unless venue is
> otherwise expressly provided for, the action may be brought
> in a county **where the cause of action arose** or in a county where
> the defendant resides or is found. (emphasis added)

Under the contract in this case venue was not expressly provided for. There is no common county in which all the defendants reside[2], and TPC argues Williamson County

---

[1]  Actions are either local or transitory in nature, and the subject matter of the action determines its classification. **See generally, Burns v. Duncan,** 133 S.W.2d 1000 (Tenn. 1939); **State ex rel. Logan v. Graper,** 4 S.W.2d 955 (Tenn. 1927). Transitory actions are causes of action which could have arisen anywhere. **Curtis v. Garrison,** 364 S.W.2d 933 (Tenn. 1963). Local actions, on the other hand, refer to or affect real property.

[2]  For purposes of venue, the residence of a corporation is its principal place of business. **See, Five Star Express Inc. v. Davis,** 866 S.W.2d 944 (Tenn. 1993).

3

is the proper venue because it is the county where the cause of action arose. In order to decide where a cause of action arose, a court must first determine from the plaintiff's allegations the type of action it is dealing with. **See, Mid-South Milling Co., Inc., v. Loret Farms, Inc.,** 521 S.W.2d 586, 588 (Tenn. 1975)(quoting and adopting the language from the court of appeals opinion in the case).

TPC claims the complaint states a cause of action to collect a debt and as such the cause of action necessarily arose in the county of the creditor, TPC. In support of this proposition, TPC relies on **Insituform of North America, Inc. v. Miller Insituform, Inc.,** 695 S.W.2d 198 (Tenn. Ct. App. 1985). *Insituform* involved a two-count complaint against defendant. In the first count, plaintiff sought to recover $25,433.30 representing monies due and owing it by defendant for materials purchased and equipment rented from plaintiff. The second count of the complaint alleged a breach by defendant of a sublicense agreement between plaintiff and defendant in which the plaintiff sought damages for accrued earned royalties, as well as minimum royalties, under the sublicense agreement. In discussing the first count of plaintiff's complaint, the court found the gravamen of the action was one to collect a debt and held the cause of action arose in Shelby County, the creditor's county. **Id.** at 200. Quoting a Florida case, **Mendez v. George Hunt, Inc.,** 191 So. 2d 480 (Fla. App. 1966), the court said, "In such cases the default and breach consist of the failure to pay the money and the cause of action accrues where the default occurred, which would necessarily be in the county where the creditor resides." The factors that led the court to the conclusion that payment was due in the creditor's county were: all notices pursuant to the licensing agreement were to be given to the plaintiff in Shelby County, the material sold was priced F.O.B. Memphis, and accounts owing were due and payable in Shelby County.

The *Insituform* court then went on to discuss count two of the complaint noting that it "seeks damages in the form of unpaid royalties for the alleged breach of the sublicense agreement by defendant." On a close reading of the complaint, the court agreed with defendant's contention the breach in this count would have likely occurred in Rutherford County where the contract was signed. However, the court found that count two could be properly joined with count one, the primary count, a suit on a debt owed. Venue was therefore proper in the creditor's county where the cause of action for a collection of a debt owing arose.

In a more recent case dealing with the question of venue in a transitory action, the rule in *Insituform* is characterized as "narrow," and this court has declined to adopt a rule saying as a matter of law that payment in all actions based on contract is due at the creditor's residence. **Resource Company, Inc. v. Bristol Memorial Hospital,** 1995 Tenn. App. LEXIS 489 *5 (Tenn. Ct. App. July 19, 1995). In *Resource*, the court affirmed the trial court's dismissal of an action to recover payment for services rendered under a contract based upon improper venue. The plaintiff and defendant had signed an agreement in which defendant agreed to pay a fee for physicians it hired through plaintiff's recruiting efforts. The plaintiff was located in Williamson County while the defendant was located in Sullivan County. Plaintiff filed a complaint in the Williamson County Chancery Court alleging that it had provided services under the contract for which the defendant refused to pay. The trial court granted a motion to dismiss the action on the ground of improper venue.

On appeal, the court held the breach occurred, and the cause of action arose,

4

where defendant allegedly failed or refused to take the steps necessary to fulfill its part of the contract, i.e. the payment of the claim. The failure or refusal to make payment took place where defendant had its business, and accordingly, venue was properly assigned to the defendant's county. The court distinguished the claim for a liquidated debt in *Insituform* from the facts in *Resource* pointing out that in *Insituform* the record showed the defendant was to make payment in Shelby County. In *Resource,* the record was silent on where the defendant was to make payment.

In another recent case concerning venue in a transitory action, **Jonesboro Drywall & Plaster Co., Inc., v. Kirby,** 1995 Tenn. App. LEXIS 756 (Tenn. Ct. App. November 28, 1995), the Eastern Section of this court affirmed the dismissal of plaintiff's breach of contract action against the defendant for improper venue. Here the plaintiff and defendant entered into a contract for the construction of a residence in North Carolina. When a dispute arose between the parties, the plaintiff filed a breach of contract complaint seeking damages for consequential expenses incurred by plaintiff in subcontracting with another party to complete the work, reimbursement for materials provided to defendant, and reimbursement for plaintiff's own expenses in completing the work. Plaintiff's principal place of business was located in Washington County, Tennessee while the defendant's principal place of business was located in Hamilton County, Tennessee. Plaintiff filed the complaint in the county where it resided arguing that Washington County was the county in which the cause of action arose. Like TPC in the present case, the plaintiff in *Jonesboro* relied on the rule from *Insituform.* In distinguishing the facts in *Jonesboro* from those in *Insituform*, the court explained that, while plaintiff had its principal place of business in Washington County, the contract did not stipulate that payments were to be made in Washington County. The contract was signed in Boone County, North Carolina, and all the work was to take place there. Furthermore, all of the materials for the project were purchased in North Carolina. . Based on these factors, the court found the plaintiff's principal place of business did not serve as a focal point for the contract and the cause of action arose in North Carolina.

It is the opinion of this court that based on our reading of these cases the trial court correctly decided venue did not lie in Williamson County and properly dismissed the complaint for improper venue. First, we cannot conclude, as TPC urges, the primary count of the complaint states a cause of action to collect a debt. The complaint does allege a breach of the covenant to pay by PAMOB under the theory the original contract had been extended or alternatively a second contract had been entered into, but it is not characterized as a debt owed. Unlike the complaint in *Insituform,* TPC does not claim a specific amount owed but instead seeks an unspecified amount of damages. While finding the complaint stated a cause of action to collect a debt would necessarily require that venue be proper in the county of the creditor, this court has declined to adopt a rule saying as a matter of law that payment in all actions based on contract is due at the creditor's residence. **See, Resource,** 1995 Tenn. App. LEXIS 489 (Tenn. Ct. App. 1995). Unlike *Insituform*, the contract in the present case fails to expressly state where payments are due. Furthermore, the factors which led the court in *Insituform* to the conclusion that payment on a liquidated debt was due in the creditor's county--all notices pursuant to the licensing agreement were to be given to the plaintiff in Shelby County, the material sold was priced F.O.B. Memphis, and the accounts owing were due and

5

payable in Shelby County--are not present in this case.[3]

Instead, it appears Coffee County, not Williamson County, would be the focal point of the dispute in the present case. The Preliminary Agreement was negotiated and entered into in Coffee County. The agreement does not state that payment is to be made in Williamson County and is in fact silent as to where payments were to be made by PAMOB, as well as to the forum for resolution of any disputes between the parties. The subject matter of the Preliminary Agreement was preparative services for the construction of a medical office building located in Coffee County, and much of the performance due under the contract necessarily had to be done on the site in Coffee County. Under the terms of the contract, the initial payment by PAMOB of $10,000 was due at the execution of the Preliminary Agreement which took place in Coffee County. TPC presented the initial schematic design plans to members of PAMOB in defendant Lindsay's office in Coffee County. The contract makes no reference to any payments or activities to take place in Williamson County. Furthermore, no defendant is a resident of Williamson County, and in fact, each of the defendants reside or are substantially connected to Coffee County. Based on these facts, the present case is closely analogous to *Jonesboro* and leads to the conclusion that the cause of action against PAMOB arose, for purposes of venue, in Coffee County. In this instance, the breach of contract occurred, and the cause of action arose, when PAMOB allegedly failed or refused to take the steps necessary to fulfill its part of the contract, i.e. the payment of the claim. As in *Resource,* the failure or refusal to make payment took place where defendant had its business, and accordingly, venue would lie in Coffee County.

III.

Accordingly, for the reasons set out above, the order of the trial court dismissing the complaint for improper venue is affirmed. Costs of this appeal are assessed against plaintiff TPC.

_____
DON R. ASH, SPECIAL JUDGE

---

[3] TPC argues that it sent invoices from its Williamson County office, payments on the initial contract were made to its office in Williamson County, and all amounts billed were due and payable there as well. While this is mentioned in an affidavit filed with plaintiff's response to defendant's motion to dismiss, the Preliminary Agreement is silent on these matters, and TPC failed to plead this in its complaint.

6