**INSITUFORM OF NORTH AMERICA, INC., Plaintiff/Appellant,**

v.

**MILLER INSITUFORM, INC., Defendant/Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 9, 1985.

Application for Permission to Appeal Denied by Supreme Court Aug. 5, 1985.

---

Jack Magids, Krivcher & Magids, P.C., Memphis, for plaintiff/appellant.

Gail Pigg, Nashville, for defendant/appellee.

TOMLIN, Judge.

This appeal deals with the question of venue. Plaintiff, Insituform of North America, filed a two-count complaint against defendant, Miller Insituform, Inc., its former licensee, in the Chancery Court of Shelby County. In the first count plaintiff sought to recover monies due and owing it by defendant for materials purchased and equipment rented from plaintiff for the purpose of carrying out the process licensed to defendant by plaintiff. The sec-ond count of the complaint alleged a breach by defendant of a sublicense agreement between plaintiff and defendant. In that count plaintiff sought the recovery of accrued earned royalties, as well as minimum royalties, under the sublicense agreement. The Chancery Court of Shelby County sustained the motion of defendant to dismiss both counts for improper venue. The sole issue presented for our determination is whether or not Shelby County is the proper venue for this action. We hold that it is and reverse the decree of the chancellor.

Our statement of facts is confined to the pleadings and supporting affidavits. Plaintiff is a Delaware corporation, qualified to do business in Tennessee, with its principal office in Shelby County. Defendant is a Tennessee corporation having its principal place of business in Murfreesboro, Rutherford County, Tennessee. Plaintiff states in its complaint that it holds the exclusive right and license throughout the United States for a process that is utilized to line the interior of sewer pipes and other pipelines. On or about February 16, 1983, plaintiff entered into a sublicense agreement with defendant, pursuant to which plaintiff granted to defendant an exclusive license to the process for the states of Tennessee, Kentucky, and portions of Ohio. The agreement reflected that all notices pursuant to the agreement, insofar as plaintiff was concerned, were to be sent to its offices in Memphis, Tennessee. In addition, all prices quoted by plaintiff to defendant were f.o.b. plaintiff's factory in Memphis.

Plaintiff further alleged that pursuant to the sublicense agreement and the General Terms and Conditions issued pursuant thereto, it sold certain materials and rented certain equipment to defendant that were used by defendant in connection with the process licensed, and that the sum of $25,-433.30 is due and owing by defendant to plaintiff, representing past due and unpaid charges for the materials and equipment.

In the second count of its complaint plaintiff alleged that defendant breached a material condition of the sublicense agree-

ment in that it failed to maintain a minimum net worth of $500,000, and that as a result of that breach by defendant, plaintiff gave written notice to defendant of the termination of the sublicense agreement. In addition, plaintiff contends that defendant is indebted to it for accrued royalties under the sublicense agreement, as well as a pro rata portion of a minimum annual royalty guaranteed to plaintiff by defendant. Plaintiff accordingly sought judgment against defendant for these amounts as well, in addition to costs, expenses and attorney fees, as provided for by the sublicense agreement.

Defendant filed a motion to dismiss alleging that it was not a resident of Shelby County, that the cause of action did not arise in Shelby County, and that it maintained its offices exclusively in Rutherford County, Tennessee. Affidavits in support of the motion to dismiss filed by officers of defendant contended that defendant did not, nor had it ever, maintained an office in Shelby County, that its principal office in Tennessee was located in Rutherford County, that the license agreement between defendant and plaintiff was executed in Rutherford County, and that the license agreement between the parties did not require defendant to waive venue.

A vice president of plaintiff filed an affidavit in opposition to the motion to dismiss. This affidavit stated in substance that the materials sold and equipment rented to defendant were transacted for at the offices of plaintiff in Shelby County, and that payments were to be made for all the charges resulting therefrom by defendant to plaintiff at its offices in Shelby County, Tennessee.

Both parties agree that this is a transitory action, governed by T.C.A. § 20-4-101(a), which reads as follows: "In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found."

In the instant case venue is not expressly provided for by the sublicense agreement.

Furthermore, Shelby County was neither the county "where the defendant resides," nor was defendant found there. This leaves us with the responsibility of determining "the county where the cause of action arose." In his order dismissing the complaint, the chancellor found specifically that venue for this action was not in Shelby County, but was in Rutherford County.

In *Mid-South Milling Co. v. Loret Farms, Inc.*, 521 S.W.2d 586 (Tenn.1975), our Supreme Court stated that "[i]n order to decide where the cause of action arose, we must determine the type of action with which we are dealing." *Id.* at 588.

A reading of the first count in plaintiff's complaint reveals that the claim set forth therein arose from defendant's failure to pay plaintiff for materials purchased and equipment rented from plaintiff. The gravamen of that action is clearly one to collect a debt. While the courts of this state have not as yet addressed this question, cases from other jurisdictions have held that where the breach is a failure to pay money due, the debtor should seek the creditor. In *Mendez v. George Hunt, Inc.*, 191 So.2d 480 (Fla.Dist.Ct.App.1966), it was stated: "In such cases the default and breach consist of the failure to pay the money and the cause of action accrues where the default occurred, which would necessarily be in the county where the creditor resides." *Id.* at 481 (citations omitted). *See also Lucas Enterprises v. Paul C. Harmon Co.*, 273 Pa.Super. 422, 417 A.2d 720, 721 (1980).

■ The general terms and conditions that constitute a part of the sublicense agreement state that the material sold by plaintiff to defendant was priced f.o.b. Memphis. The sublicense agreement provides that all notices were to be given to plaintiff at its offices in Memphis, Shelby County. The affidavit filed by an officer of plaintiff in opposition to the motion to dismiss stated that accounts owing plaintiff by defendant were due and payable in Shelby County. There were no countervailing affidavits in any way contradicting these assertions. Accordingly, we hold that the

venue for the first count of plaintiff's complaint lies in Shelby County, the resident county of the creditor, and that the chancellor was in error in dismissing the complaint as to this count.

Count two of the complaint seeks damages in the form of unpaid royalties for the alleged breach of the sublicense agreement by defendant. Defendant contends that the contract was entered into in Rutherford County, thus any breach that occurred took place there. It would appear that the language of the complaint supports this contention, for plaintiff alleges that defendant failed to keep a proper net worth as provided for in the sublicense agreement and failed to furnish to it a certified copy of a financial statement showing a net worth in excess of $500,000. This breach would likely have occurred in Rutherford County.

Nevertheless, plaintiff contends that Count two, a claim for damages for breach of contract, has been properly joined with count one, a suit on a debt owed. As authority for its position plaintiff relies upon *Commercial Truck and Trailer Sales v. McCampbell,* 580 S.W.2d 765 (Tenn.1979). Plaintiff's reliance upon the *Commercial Truck* case is misplaced, because there the issue involved was the joinder of parties as well as causes of action, as there were seven defendants in one action by plaintiff.

In the instant case we have a single plaintiff suing a single defendant on two different causes of action. The rule pertaining to joinder of claims is T.R.C.P., Rule 18.01, which reads as follows: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal or equitable, in contract or tort, as he has against an opposing party."

■ We do not find the venue issue presently before us as having been addressed by the appellate courts of this state. However, we are of the opinion that efficient judicial administration and public policy favoring the avoidance of a multiplicity of suits dictate that we hold that venue as to

the second count would lie in Shelby County as well. This is in keeping with the text authorities and the decisions of many other jurisdictions on this subject.

As stated in 77 Am.Jur.2d, *Venue* § 26 (1975):

As a general rule, the court in which a principal action is brought, being the proper court in which to bring that action, has jurisdiction and may determine ancillary or incidental proceedings, notwithstanding the venue of an action as to such latter matters would be, under other circumstances, in another county.

A case from another jurisdiction illustrating the modern rule of joinder of claims is *Renger Memorial Hospital v. Texas,* 585 S.W.2d 352 (Tex.Civ.App.1979), in which the state of Texas sued the hospital seeking to cancel its charter and also to collect a promissory note and foreclose a lien on the land securing the note. The state brought the action in Travis County, as authorized by a Texas statute for suits brought to forfeit corporate charters. The hospital contended that the venue on the claim to collect the note and foreclose should be in Lavaca County, the residence of the hospital and site of the land securing the note.

Rule 51(a) of the Texas Rules of Civil Procedure, "which provides that a plaintiff may join, either as independent or as alternate claims, *as many claims,* either legal or equitable, or both, *as he may have against an opposing party,*" 585 S.W.2d at 352–354, was one of the two grounds asserted for affirming the action of the trial court. The language of Texas Rule 51(a) is almost identical to that of our Rule 18.01.

Although not controlling, we think our holding here is bolstered by the fact that the money judgment sought against the defendant for the debt arises out of the same sublicense agreement that plaintiff claims to have been breached by defendant. Once the courts of Shelby County have taken jurisdiction of plaintiff's claim against the defendant for debt, which it clearly has a right to do, it appears to us to

be pure folly to require defendant to defend against that action in Shelby County while causing plaintiff to prosecute its suit for royalties under the license agreement in another county. Accordingly, we hold that venue on both causes of action is properly placed in Shelby County, under the circumstances. For these reasons, the decree of the chancellor is reversed and this cause is remanded to the Chancery Court of Shelby County for further proceedings not inconsistent with this opinion. Costs in this cause are taxed to the defendant, for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.