# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 20, 2011 Session

## FORREST ERECTORS, INC. v. HOLSTON GLASS COMPANY, INC.

**Appeal from the Chancery Court for Montgomery County**
**MCCHCVCD1025      Laurence M. McMillan, Jr., Chancellor**

---

**No. M2011-00476-COA-R3-CV - Filed November 14, 2011**

---

A Tennessee corporation located in Montgomery County filed a breach of contract action against a Tennessee corporation located in Sullivan County to collect money allegedly owing for services rendered in North Carolina. The defendant moved to dismiss the complaint for improper venue. The trial court granted the motion and dismissed the complaint because it concluded the proper venue was Sullivan County, where the defendant resides. We affirm the trial court's judgment. The plaintiff's action is transitory and therefore governed by Tenn. Code Ann. § 20-4-101. We conclude the cause of action arose in North Carolina and, pursuant to the statute, venue is proper in Tennessee where the defendant resides.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Joseph Paul Weyant, Clarksville, Tennessee, for the appellant, Forrest Erectors, Inc.

Richard Mann Currie, Jr., Kingsport, Tennessee, for the appellee, Holston Glass Company, Inc.

## OPINION

Forrest Erectors, Inc. ("Forrest") filed a complaint against Holston Glass Company, Inc. ("Holston Glass") to collect money it alleged was due on a construction contract. Forrest is a Tennessee corporation with its principal place of business in Montgomery County, and Holston Glass is a Tennessee corporation with its principal place of business in Sullivan County.

Forrest alleged in its complaint that it performed construction services for Holston

Glass in Cherokee, North Carolina, from November 2009 until March 2010. Although the record does not contain a copy of a contract between the parties, Forrest alleges "the total cost of the contract was $134,184.00." Forrest asserts it also performed additional work which Holston Glass approved that had the value of $4,185, bringing the total contract value to $138,369. Forrest then states the following at paragraph 5 of its Complaint:

> 5.     The Respondent had initially agreed that the Petitioner was owed the approximate amount of $110,727.00, claiming that the work contracted for is only 79.4% complete. The Respondent has paid the Petitioner approximately $$66,403.00, toward satisfaction of said monies due the Petitioner as of this date. The Respondent now claims that the Petitioner has been overpaid in the amount of $20,209.65.

Forrest claims the balance Holston Glass owes Forrest is "at least $82,451.00."

Holston Glass did not file an Answer, choosing instead to file a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(3), alleging improper venue. Holston Glass submitted an Affidavit by its president in support of its motion in which the president stated Holston Glass's principal place of business is in Sullivan County and that it solicited a bid from Forrest to work as a sub-contractor on a construction project in North Carolina. Working from its office in Montgomery County, Forrest submitted a proposal to Holston Glass in Sullivan County, which Holston Glass accepted in Sullivan County. According to Holston Glass's president, the company issued a purchase order in Sullivan County for the work to be performed by Forrest.

With regard to the contract itself and whether or not Forrest is entitled to the money it is seeking to recover, the president of Holston Glass stated:

> 4.     The work performed by Forrest Erectors was in many ways incomplete, substandard and not in compliance with the plans and specifications. Forrest Erectors left the job site prior to completion of the contract. After Forrest Erectors had left it was necessary for Holston Glass to complete work that had not been done and to correct a significant amount of work improperly done. Additionally, the negligence of Forrest Erectors' employees caused significant damage to the equipment of another subcontractor for which Holston Glass was required to pay.

> 5.     Holston Glass owes Forrest Erectors nothing under the terms of the contract and, in fact, is owed money by Forrest Erectors due to its failure to complete the contract and substandard work performed, which required

Holston Glass to incur expense to properly complete the work.

The record does not indicate whether the parties ever met face to face in either Montgomery or Sullivan County to discuss the construction project. While they met in North Carolina to discuss the project, the record indicates their communications in Tennessee were by telephone, mail, or facsimile.

## I. TRIAL COURT PROCEEDINGS

Following a hearing on Holston Glass's motion to dismiss, the trial court granted Holston Glass the relief it sought and dismissed Forrest's complaint without prejudice. The trial court found that Forrest's complaint was a transitory action governed by Tenn. Code Ann. § 20-4-101. The court held that pursuant to this statute, venue was proper in Sullivan County, the residence of the defendant Holston Glass.

The only issue on appeal is whether the trial court was correct in dismissing Forrest's complaint because it was filed in the wrong venue.

## II. ANALYSIS

### A. STANDARD OF REVIEW

The issue in this case being one of law, we review the trial court's judgment dismissing Forrest's complaint *de novo*, with no presumption of correctness. *Maggart v. Almany Realtors*, 259 S.W.3d 700, 703 (Tenn. 2008) (citing *Teter v. Republic Parking Sys.*, 181 S.W.3d 330, 337 (Tenn. 2005) and *Christenberry v. Tipton*, 160 S.W.3d 487, 491-92 (Tenn. 2005)).

### B. DETERMINING THE PROPER VENUE

Actions can be classified as either transitory or local depending on the subject matter of the action. A transitory action is one in which the transaction that forms the basis of the lawsuit might take place anywhere, such as a contract or tort. *Nickell v. Psillas*, 2006 WL 1865018, at *2 n.3 (Tenn. Ct. App. June 30, 2006); *Black's Law Dictionary* 1343 (5th ed. 1979) A local action, by contrast, is one in which an injury occurs to an immovable object, such as real property. *Wylie v. Farmers Fertilizer & Seed Co.*, 2003 WL 21998408, at *2 (Tenn. Ct. App. Aug. 21, 2003) (citing *Five Star Express v. Davis*, 866 S.W.2d 944, 945 n.1 (Tenn. 1993)).

The parties agree this action is a transitory action and that the proper venue is determined by Tenn. Code Ann. § 20-4-101(a), which provides:

> In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides.

The record does not include a copy of the contract, but the parties agree that venue is not "otherwise expressly provided for." According to the statute, venue is proper either where the action arose or where Holston Glass resides. Since Holston Glass resides in Sullivan County, but the action was filed in Montgomery County, venue would be proper in Montgomery County only if the cause of action arose there. Otherwise, venue is proper in the county where Holston Glass resides.

Forrest relies on *Insituform of North America v. Miller Insituform*, 695 S.W.2d 198 (Tenn. Ct. App. 1985), to support its argument that venue is proper where it, the creditor, resides. The gravamen in *Insituform* was an action to collect a liquidated debt. The parties' contract provided that all notices were to be sent to the plaintiff/creditor in Shelby County, and all prices the creditor quoted were "f.o.b. plaintiff's factory in Memphis." *Id*. at 199. The creditor testified that the materials sold and equipment rented to the debtor were "transacted for at the offices of plaintiff in Shelby County," and payments were to be made to the plaintiff as its offices in Shelby County. *Id.* at 200. Based on these facts, the *Insituform* court held that venue was proper in Shelby County. *Id.* at 200-01.

We believe the facts here are more like the facts of *Jonesboro Drywall & Plaster Co. v. Kirby*, 1995 WL 697901 (Tenn. Ct. App. Nov. 28, 1995), another breach of contract case, where the court determined the proper venue was the defendant's county of residence. As here, the parties in *Jonesboro Drywall* entered into a construction contract with regard to the development of a property in North Carolina. *Id.* at *1. The plaintiff resided in Washington County, and the defendant resided in Hamilton County. *Id.* A dispute arose between the parties and the plaintiff filed a complaint in its home county seeking damages for consequential expenses it incurred in contracting with another party to complete the work the defendant was supposed to perform. *Id.*

The defendant in *Jonesboro Drywall* moved to dismiss the action, the trial court granted the defendant's motion, and the plaintiff appealed. *Id*. at *1. In reliance on Tenn. Code Ann. § 20-4-101, governing transitory actions, the Court of Appeals concluded that the cause of action arose in North Carolina, where the construction project was located. *Id.* at *2. The court rejected the plaintiff's argument that *Insituform* required the court to find

-4-

venue was proper in the creditor's county of residence. Instead, the *Jonesboro Drywall* court held that the only Tennessee forum where the case could be tried was the county where the defendant resided. *Id.* at *2. The *Jonesboro Drywall* court wrote:

> In *Insituform*, the court found that venue was proper in Shelby County where plaintiff's principal place of business was located. The factors that led the court to that conclusion were: all notices pursuant to a licensing agreement were to be given to the plaintiff in Shelby County, material sold was priced F.O.B. Memphis, and accounts owing were due and payable in Shelby County. Here, while plaintiff has its principal place of business in Washington County, the contract was signed in Boone County, North Carolina, and the work was to take place there and all materials for the project were purchased in North Carolina. The contract makes no reference to any payments or activities that are to take place in Washington County. Unlike *Insituform*, the plaintiff's principal place of business does not serve as a focal point for the subcontract.

*Id.*

The Court of Appeals held in another breach of contract case, *Resource Company v. Bristol Memorial Hospital*, 1995 WL 422468 (Tenn. Ct. App. July 19, 1995), that it was not bound to follow the result in *Insituform* when the facts did not warrant reaching the same conclusion. The plaintiff in *Resource Company* filed an action for breach of contract for services rendered, and the defendant filed a motion to dismiss based on improper venue. *Id.* at *1. The plaintiff and defendants resided in different counties in Tennessee, and there was no evidence the parties or any of their agents met in the other's home county to discuss the contract. *Id.*

The *Resource Company* court first considered where payment was due to determine the proper venue. Since the parties' contract did not provide that information, the court determined venue was proper where the defendant debtor allegedly failed to carry out its part of the contract, which was to pay. *Id.* at *2. The court rejected the plaintiff's argument that it was bound to follow *Insituform* and hold venue was proper where the creditor resided. Instead, the court reasoned, the defendant failed to act in the county where the defendant resided, and venue was therefore proper in the defendant's county of residence. *Id.* The court wrote:

> We think the narrow *Insituform* rule does not cover the facts in this case. In *Insituform* the claim was for a liquidated debt in which the record showed that the defendant was to make payment in Shelby County. Here, the record is silent on that crucial fact and we decline to adopt a rule saying as a

matter of law that payment in all actions based on contract is due at the creditor's residence.

Instead, we hold that in this case the breach occurred where the defendant failed or refused to take the steps necessary to fulfill its part of the contract, the payment of the claim. The only place where that could have occurred is [defendant's county of residence]. Therefore, venue was properly assigned to that county.

*Id*.

Forrest argues the case *Nickell v. Psillas*, 2006 WL 1865018 (Tenn. App. Ct. June 30, 2006), is in line with *Insituform* and mandates that venue is proper where it, the creditor, resides. We do not agree. The plaintiff in *Nickell* submitted a bid to do the paving work at a work site in Williamson County. *Id*. at *1. A dispute arose regarding how much the defendant developers were supposed to pay the plaintiff, and there were questions about the breadth of work the plaintiff was supposed to perform. The plaintiff was located in Maury County and the defendants were located in Williamson County, which is also where the construction sites were located. *Id*. The plaintiff filed a complaint in Maury County to collect the money it alleged was due to it, and the defendants moved to dismiss the action for improper venue. *Id*. The trial court denied the defendants' motion to dismiss, and the Court of Appeals reversed. *Id*. at *2, 10.

This court disagreed that the plaintiff's action was simply one to collect a debt, "but rather, whether Developers have an obligation to pay Nickell in the first instance, under contract law or based on quantum meruit." *Id*. at *10. The Court explained that venue is not determined based on the plaintiff's request for a particular amount in its complaint: "The question under these cases is where the cause of action arises. While the fact that a specific amount is requested may be indicative of an action to collect a debt, it is not determinative of venue." *Id*. at *9. The *Nickell* court thus concluded that venue did not arise in Maury County, where the plaintiff creditor resided, but in Williamson County, where the defendants resided and where the cause of action arose. *Id*. at *10.

Forrest is correct that the *Nickell* court indicated that if the case was a simple debt collection case, with no dispute about whether or not the defendant owed money to the plaintiff, venue would be proper where the debt was to be paid. *Id*.at *10. The *Nickell* court distinguished *Insituform* from the facts of *Nickell*, however, because there was an issue of whether the defendants were obligated to pay anything at all to Nickell. *Id*. Concluding the plaintiff's residence played no role in the parties' dealings, the *Nickell* court held venue was proper where the action arose and where the defendants resided pursuant to Tenn. Code Ann.

§20-4-101. *Id*.

We find the facts of the case at bar to be similar to the facts in *Nickell* and *Resource Company* because there is a dispute about whether or not Holston Glass in fact owes any money at all to Forrest. The affidavit submitted by Holston Glass's president indicates there is a dispute regarding the quality of Forrest's work and whether or not Forrest completed the job described in the parties' contract. Contrary to Forrest's characterization, this case is not a simple case to collect a liquidated debt, and the cases Forrest relies on where the creditor's residence is determined to be the proper venue are therefore not controlling. *Cf. Ellis v. Minder Music Ltd.*, 2011 WL 3848627, at *7 (Tenn. Ct. App. Aug. 31, 2011) (court held plaintiff's residence was proper venue where parties did not dispute defendant's obligation to pay plaintiff royalties).

We conclude the cause of action in this case arose in Cherokee, North Carolina, where the construction project is situated. Therefore, pursuant to the express terms of Tenn. Code Ann. §20-4-101(a), the only proper venue in Tennessee is Sullivan County, where Holston Glass resides. The trial court's judgment granting Holston Glass's motion to dismiss Forrest's complaint is affirmed.

### III. CONCLUSION

For the reasons discussed above, venue is proper where the defendant Holston Glass resides, *i.e.*, Sullivan County. The trial court's judgment granting Holston Glass's motion to dismiss Forrest's complaint for improper venue is therefore affirmed. Costs shall be taxed to the appellant, Forrest Erectors, Inc., for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE